IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-641-SLR |
| | ) | |
| RALPH HEVERIN, DAVID PIERCE, | ) | |
| and OFFICER BERNIE WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 14th day of December, 2006, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the motion for preliminary injunction is denied as moot and the complaint is dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff James St. Louis, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff filed a similar lawsuit on April 10, 2006, against Lt. Cheryl Morris, Director Chris Klein, and the Delaware Prisons alleging he was wrongfully discharged from a job he held in the prison kitchen. St. Louis v. Morris, Civ. No. 06-236-SLR. The complaint in Civ. No. 06-236-SLR, contains many of the same allegations and identical exhibits as those filed in the present case. Notably,

exhibits A through F in this case were also filed in Civ. No. 06-236-SLR.

2. In Civ. No. 06-236-SLR, in addition to complaining of the acts that took place prior to his job termination, plaintiff alleged that he did not receive a fair disciplinary hearing on the charges leading to his dismissal. More particularly, he alleges that no inmates were allowed to attend the hearing and he was only allowed to question one witness. Plaintiff appealed the findings, arguing that he was deprived of his rights to due process. He also alleged that, as a result of the finding of guilt, he lost all his privileges, will lose his honor visits, will lose extra points that will change his classification, and he will be moved from minimum to maximum security. After reviewing the complaint, the majority of the claims, including the due process claim, were dismissed and plaintiff was only allowed to proceed on a retaliation claim.

3. In the present case, plaintiff refers to the action of Lt. Morris, which he alleges led to his dismissal. He alleges that he wrote to defendant Deputy Warden Pierce who forwarded the concerns to defendant Officer Bernie Williams. Plaintiff alleges that defendant Ralph Heverin was the hearing officer who presided over his disciplinary hearing and, in the complaint, plaintiff describes in detail what occurred during the hearing.

4. **Standard of Review.** When a litigant proceeds in forma

pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

5. A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quoting Pittman v. Moore, 980 F.2d at 994-95).

6. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

7. **Discussion**. After reviewing the allegations in the present case and the allegations in Civ. No. 06-236-SLR, the court finds the current action is malicious, as that term is defined in the context of § 1915. Although plaintiff names different defendants, it is obvious in reading both complaints that they contain many of the same allegations all within the same time-frame as in the present complaint. Moreover, the exhibits filed in support of both complaints are identical, with the exception that in the present case plaintiff added a copy of Bureau of Prisons Procedure Number 4.2.

8. The present complaint falls squarely within the definition of maliciousness. It duplicates allegations of another pending federal lawsuit that plaintiff filed.

-4-

Additionally, any claims newly raised in the present complaint arise out of a common nucleus of operative facts that could have been brought in the prior litigation in Civ. No. 06-236-SLR.

9. **Conclusion.** Based upon the foregoing analysis, the complaint is dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff's motion for a preliminary injunction (D.I. 6) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE