3/2/2007

Dear Clerk
        I received your notice today and am
stumped. I filed motions to redress
explaining in more detail cases 06-641 SLR
and 06-682 SLR (see enclosed)
        I don't understand how these cases are
closed until you address the issues
included. I ask that under rule 60 for
redress that if you have decided ~~to~~ not to
address these please recuse yourself
so my procedure due process violation
can be addressed and corrected.
        As for the pending case 07-84 SLR
because these former cases are [not]
officially closed I believe this case
is still opened.
        Thank you for your fast response

                        James St. Louis Jr.
                        1181 Paddock Rd
                        Smyrna Del.

MAR 16 2007

P.S if you need proof of mailing. I have
law library forms signed from copies made
and business office receipt for mailing, I
also sent copies to the Dept. of Justice at
the same time.

Mailed
12/26/2006

In the United States District Court
for the District of Delaware

James St. Louis                        ( Civil Action
        plaintiff                      (   # 06-641 SLR
                                       (
Ralph Hevereux, David Pierce           ( motion to
and Officer Bernie Williams            (   redress
        defendants                     (   issues

        James St. Louis hereby petitions the
Court for review of decission and complaint
issued on the 14th day of December 2006
        The foregoing request is made
under the following arguements.

#1. After reading Judge Robinsons remarks petitioner realizes he did a terrible effort to explain the incidents.

A. Yes alot of actions involved in Civ. # 06-236-SLR and this complaint were the same for the below reasons.

#1 Lt. Morris and the Kitchen had their own disciplinary hearing with Lt. Morris ordering the petitioner written up, she also did the fact finding and was the final say in the disciplinary hearing ending in Termenation. From start to finish she violated procedures set forth by the Kitchen policy and the prison policy.

#2 In judges #3 response it was said Ralph Henenun presided over the disciplinary hearing.

(A) petitioner wrote to Deputy Warden Peirce for an [appeal] of a disciplinary hearing and overturn of conviction and rehering. But instead of an overturn of conviction because petitioner questioned the legality of proceedings recieved a 2ND disciplinary hearing and was given further punishment and sanctions as an example of what not to question as far as Constitutional

rights.

#3 Petitioner knows alot of facts are duplicated, but must be to explain the proceedures used to further punish petitioner for questioning policy.

If you look at petitioners letters to Deputy Warden pierce you will see where petitioner ask for his help in relieving an injustice already done. In doing so he appointed Bernie Williams and had a Lt. look into the situation. All along petitioner told everyone this was an appeal but to no avail. And in retaliation petitioner got punished even greater for filing an appeal. A violation of his 8th Amendment right.

The petitioner is helpless in this situation and has only the courts to turn to for help. The petitioner wants the court to realize this is a daily event and that is why he asked the court for an injunction until the state can redress this issue and bring about a system that would be fair to all inmates and make the system for appeal a fair one not a retaliation for questioning authority as in petitioners case.

③

# 4 In Carey v Pephus  435 US 247, 98 S.Ct. 1042 it says when defendant argues procedures involving violations of constitutional rights he is entitled to damages under 1983 even if defendants is [NOT] seeking wrongful conviction. and in this case at hand petitioner is not only claiming a violation of procedures violating petitioners due process rights but also retaliation because he questioned those procedures with the added sanctions and punishments inflicted on him.

# 5 The above reasons are why petitioner is asking these named along with the state of Delaware to be held liable for their inactions and actions in their professional and individual capacities.

James St. Lewis
SBI 446518
1181 Paddock Rd
Smyrna Del.

Under Hewett v Helms  103 S.Ct 864 the federal regulations created a liberty interest in not being subjected to disciplinary segregation without due process of law, as done in petitioners case it shows violation.

(4)

Mailed
12/26/2006

United States District Court
District of Delaware

James St. Louis                    ⎫   Civil Action
        plaintiff                  ⎬   # 06-641 SLR
            v                      ⎪
Ralph Heverin, David Pierce        ⎬   petition for
and officer Bernie Williams        ⎪   appointment of
        defendents.                ⎭       Counsel

        James St. Louis hereby petition the
Court for appointment of counsel for the
        following reasons

                          James St. Louis
                          SBI 446518
                          1181 Paddock Rd
                          Smyrna De.
                              19977

Motion for Appointment of Counsel

1. factual Complexity

2. plaintiff ability to investigate
The plaintiff is locked up in segregation
and has no ability to investigate the facts.
ie. he is unable to identify, locate and
interview witnesses see Tucker v Randall
948 F2d 388 / Gatson v Coughlin 679 F Supp 270
Armstrong v Snyder 103 FRD 96.105
In addition this case will require
Considerable discovery concerning the identity
of witnesses, the officer and his reports and
statements made and history of those involved
with like reports, see Tucker v Duckey 613
F Supp 1124, 1133-34 (need for discovery
supports appointment of counsel)

3. Conflicting testimony - the plaintiffs
account of his happenings is squarely
in conflict with statements elicitated by
officials. This aspect of the case will be
a credibility contest between the defendant
and the plaintiff (and such inmate witnesses
as can be located) the existence of these
credibility issues support the appointment
of counsel see Gatson v Coughlin 679 F S

270, 273

4. The ability of the indigent to pursue claim

The plaintiff is an indigent prisoner with no legal training. A factor that supports the appointment of counsel see Whisenant v Yuam 739 F2d 160, 163. In addition he is confined to segregated housing and limited to legal materials see Rayes v Johnson 969 F 2d 700, 703-04. (Citing lack of ready access to a law library as a factor supporting appointment of counsel.

5. Legal complexity

The plaintiff has asked for a jury trial, which requires much greater legal skills than the plaintiff has or can develope. see Abdullah v Gunter 949 F 2d 1032, 1036 (citing jury demand as a factor supporting appointment of counsel.

6. merits of the case the plaintiff alledges if proved clearly would establish a constitutional violation.

7. In deciding whether to appoint counsel for an indigent litigant the Court should consider the factual

Complexity of this case; the ability of the
indigent to investigate the facts; the
existence of conflicting testimony, the
ability of the indigent to present his
claim and the Complexity of the
legal issues (see Abdullah v Gunties
949 F2d 1032)

In addition, courts have suggested
that the most important factor is whether
the case appears to have merit see
Cooper v G Sargenti Co. Inc. 877 F2d 170,173

Wherefore, for the forgoing reasons, the
Court should grant the plaintiff motion
and appoint Counsel in this case.

I declare under penalty of prejudice that
the foregoing is true and correct.

James L. Lewis
SBI # 446518
Delaware Correctional
1181 Paddock Road
Smyrna De.

Mailed
12/26/2006

United States District Court
District of Delaware

James St. Louis
            plaintiff

                    v

Officer J Michael Wilson
Lauren Hatcher, Melanie
Withers and Buster Richardson

                                    } Civil Action
                                      # 06-687 SLR

                                    petition for
                                    Appointment of
                                    Counsel

        James St. Louis hereby petitions the
court for appointment of counsel for the
        following reasons

                        James St. Louis
                        SBI 446518
                        1181 Paddock Rd
                        Smyrna De.
                                19977

Motion for Appointment of Counsel

1. factual complexity

2. plaintiff ability to investigate

The plaintiff is locked up in segregation and has no ability to investigate the facts. ie. he is unable to identify, locate and interview witnesses see Tucker v Randall 948 F2d 388 / Gatson v Coughlin 679 F.Supp 270 Armstrong v Snyder 103 FRD 96.105 In addition this case will require considerable discovery concerning the identity of witnesses, the officer and his reports and statements made and history of those involved with like reports, see Tucker v Dickey 613 F Supp 1124, 1133-34 (need for discovery supports appointment of counsel)

3. conflicting testimony - the plaintiffs account of his happenings is squarely in conflict with statements elicitated by officials. This aspect of the case will be a credibility contest between the defendant and the plaintiff (and such inmate witnesses as can be located) the existence of these credibility issues support the appointment of counsel see Gatson v Coughlin 679 FS

270, 273

4. The ability of the indigent to persue claim

The plaintiff is an indigent prisoner with no legal training. A factor that supports the appointment of Counsel see Whisenant v Yam 739 F2d 160, 163. In addition he is Confended to segregated housing and limited to legal materials see Rayes v Johnson 969 F 2d 700, 703-04. (Citeng lack of ready access to a law library as a factor supporting appointment of Counsel.

5. legal complexity

The plaintiff has asked for a jury trial, which requires much greater legal skills than the plaintiff has or can develope. see Abdullah v Gunter 949 F2d 1032, 1036 (citing jury demand as a factor supporting appointment of counsel.

6. merits of the case the plaintiff alledges if proved clearly would establish a constitutional violation.

7. In deciding whether to appoint Counsel for an indegent litigant the Court should consider the factual

complexity of this case, the ability of the
indigent to investigate the facts, the
existence of conflicting testimony, the
ability of the indigent to present his
claim and the complexity of the
legal issues (see Abdullah v Gunties
949 F2d 1032)

In addition, courts have suggested
that the most important factor is whether
the case appears to have merit see
Cooper v A Saugenti Co. Inc. 877 F2d 170, 173

Wherefore, for the forgoing reasons, the
court should grant the plaintiff motion
and appoint counsel in this case.

I declare under penalty of prejudice that
the foregoing is true and correct.

James A. Lucis
SBI # 446518
Delaware Correctional
1181 Paddock Road
Smyrna De,

mailed 12/26/2006

In the United States District Court
for the District of Delaware

James St. Louis
    plaintiff

Civil act. #
06-682 SLR

Officer J Michall Wilson
Lauren Hatcher, Melanie
Withers and Buster Richardson

Motion to
redress
issues

    James St. Louis hereby petitions the
court for review of decision and
complaint issued the 14th day of
December, 2006. The following request
is made under the ruling of Scheuer
v Rhodes 94 SC. 1683 which says
it is not "unfair" or "malicious" or
"frivolous" to hold liable the officials
who know or should know she/he is
acting outside the law, and that insisting
on an awareness of clearly established
constitutional limits will not unduly
interfer with the exercise of official
judgement. And that an official who
violates the constitutional rights of a
plaintiff with actions of malicious
intention [must] be held accountable.
    Also Article XIV section I: All

(1)

persons born or naturalized in the
United States, and subject to the jurisdiction
thereof, are citizens of the United States
and of the state wherein they reside. [ NO
STATE ] shall make or enforce [any] law
which shall abridge the priveleges or
immunities of citizens of the United States
[NOR SHALL] any state [DEPRIVE] any
person of life, liberty or property [without]
due process of law, not deny any person
within its jurisdiction the equal protection
of the laws and Constitution.

Plaintiff also argues these issues
for the following reasons.
   #1. In response to #8 on "frivolous"
actions. Yes plaintiff conseed that the
2005 petition challanged the overturn
of petitioners conviction. [BUT] this
petition does [NOT] challange on that
issue. With respect to the judge petitioner
made it perfectly clear he was challenging
the procedures, which were illegal, that
were used to convict him. Petitioner
specifically used, as you can see on page 3
of his initial petition, where he refers
to Maryland v Craig 110 SCt. 3157 and
the courts references to 3511 and Delaware
and how important it was to protect the
petitioners rights and how Delaware initialed

�circ 2

3511 to guarantee a defendant his rights
to due process and a fair trial. He
also discusses the integrity needed in
factfinding and how people especially
children can be manipulated without
these statutes and rules. Petitioner quotes
many Supreme Court cases showing the
importance of confrontations at [all]
critical stages and how the court said
video taping of testimonial statements are
a critical stage which Delaware addressed
in 11 Del C 3511 guaranteeing a defendant
his constitutional and state rights to
due process and fair treatment.

    #2 Judge Robinson quoted Heck v
Humphrey as a showing of "malicious"
and duplicates allegations of another
pending federal lawsuit already filed
in #8 and #9. Yes there are duplications
[but] to a certain point. Petitioner in
previous cases was arguing for overturn
of conviction. In Carey v Pephus
435 US 247, 98 S.Ct. 1042 it says
when defendant argues [procedures] involving
violations of constitution he is entitled
to damages under 1983 even if
defendant is [NOT] seeking a
wrongful conviction also see section
6 of Act 17 Stat 15    42 USC 1986.

#3 Addressing #10, Statue of
Limitations claim. This arguement has
been addressed by many courts. The 6th
Circuit will not put a statue of state
limitations on a constitutional violation.
Equitable estoppel doctrine applied to
inmates 1983 claim against prosecutor and
police office arising from allegations
of extra judicial conspiracy to deny him
a fair trial 11 years before inmate filed
his claim and, thus, statue of limitations
was extended until inmate could have
reasonably found out about conspiracy
Doug v Ryan  999 F2d 679. Inmate
in Texas had colorable claim in
tolling rule which operates to toll
running of statue of limitations in cases
where state prisoner was required to
exhaust state administration remedies
before proceeding with claim in federal
court operated to toll limitations periods
on 1983 claims against prison officials
until prisoner had exhausted those
proceedings  Jartrell v Jaylor  981 F2d 254
In Harden v Straub  109 SCt 1998
Concluded that a federal doctrine of
equitable tolling would apply to the 1983
Cause of action while state challenges
to conviction or sentence were being exhausted.

(4)

In petitioners case state proceedings
did [NOT] stop in 2001 but began in
2001 and ended in 2005 which means
less than 2 years has passed between
petitioners final actions with state
relief and his 1983 claim.

James St. Louis
446518
1181 Paddock d.
Smyrna De.
19977

#4 Another argument just realized via
ACLU. The Supreme court in Brady v
Maryland 356 FS 2d 556 has elucidated
the Brady materially standard as follows
"The touchstone of materiality is a 'reasonable
probability' of a different result, and objective
is important [ THE QUESTION IS [NOT] whether
the defendant would more likely than not
have received a different verdict with
the evidence [BUT] whether in its
absence he received a "FAIR TRIAL." "
Slutzker 393 F3d @387 quoting Kyles v
Whitly 514 U.S. 419. In petitioners case
ACLU attorney informed him that absence
of procedure for collecting evidence and
chance that it affected the trial with
tainted statements without their knowledge
before verdict was a Brady violation,
constitutional due process violation, which
would not accrue until knowledge by
petitioner or under 1 (ONE) month.
Again petitioner is not arguing wrongful
Conviction [BUT] illegally obtained statements
in violation of 11 Del C 3511 and Non acknow-
ledgment to jury causing a Brady violation.
The 3rd circuit in a number of cases has said
a claim accrues in a federal cause of
action as soon as a claimant is aware

(6)

of and source of injury, [NOT] when the
potential claimant knows or should know
that the injury constitutes a legal wrong.
See United States v Kurbrick 100 S.Ct
352; Sandutch v Murasski F2d 252
254 (3rd Circuit) Lee v United States 809
F2d 1406, 108 S.Ct. 772.

Citing and quoting Edwards v Sotomayor
557 F.S. 209, 217, the court reiterated
that "once the violation of a claimant's
federal constitutional rights is apparent,
the federal cause of action accrues and there
is [no] need to adapt a state accrual
standard immersed in state requirements
for a tort of malicious prosecution".
see e.g. Rose v Bartle 692 F.S. @ 529

Seeing that petitioner first realized the
Brady violation due to procedural violations
within the last month, then accrue should
start then for federal constitutional violation,
see Ginty v Resolution Trust Corp.
937 F2d 899 (3rd Circuit)

Mailed 1/17/2007

In United States District Court
state of Delaware

James St. Louis                    Civil action
          plaintiff                    # 06-682 SLR

Officer J Michael Wilson           motion to warrant
Lauren Hatcher, Melanie            extension of the
Wilters and Buster                 statue of limitations
          Richardson               via equitable
                                   tolling

James St. Louis hereby petitions the
Court for motion to warrant an extention
of the statue of limitations via equitable
tolling to be decided with petition
submitted the 14th day of December 2006
which also contained pertinant information
in respect to this motion.

                         James St. Louis
                              446518
                         Pro Se
                         1181 Paddock Rd
                         Smyrna De.
                              1/14/2007

(1)

## Argument

Under 42 § 1983 [1207] it says

Procedural due process violations is not complete unless and until state fails to provide due process; state may cure procedural depreviation by providing later procedural remedy, and only when state refuses to do so does Constitutional violation actionable under §1983 arise. Jackson v City of Stone Mountain 232 FS 2d 1337, (also see Zinermon v Burch 110 S.Ct. 975)

Also 3rd Circuit said in Oshiver v Levin 38 F 3d 1380, 1387 that "Equitable tolling functions to stop the statue of limitations from running where the claims accrual date has already passed can be appropriate for 3 reason The 3rd is 'where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum'"

And in Burnett v N.Y. Central RR 85 S.Ct 1050, the supreme court said "statue of limitations are primarily designed to assure fairness to defendant. Such statues promotes justice by

preventing "surprise" through the revival
of claims that have been allowed to slumber
until evidence has been lost, memories
have faded and witnesses have disappeared
Id @ 428    55 Sct. 1050. To be sure
this "policy of repose, designed to protect
defendants may be outweighed "where the
interest of justice requires vindication of
the plaintiff's rights in cases where
the plaintiff has [NOT] slept on those
rights'".

   In case at hand plaintiff has filed
cases in Delaware's Superior and
Supreme Courts and was active in
state courts until 2005 giving the state
a chance to cure procedural violations
and he was denied. The above cases
indicate that tolling should and must
comply also see Miller v N.J. Dep't
of Correction  145 F3d 616, 618-19 (3rd Cir)
showing diligence in investigating and
bringing the claims as done in state
courts in case at hand. In the least
the case at hand should fall in terms of
"basic fairness" which almost 2 centuries
ago favored the plaintiff. Coffin v Cottle
33 Mass. 383, 385-86; or should atleast

be classified "sisters under the skin" seeing it was addressed and tried to be remedied in state court by plaintiff.

We see in Perez-Ruiz v Crespo-Gueller 25 F 3d 40 where it says "Procedural due process claims are not actionable unless no adequate postdeprevation remedy is available under state law." Plaintiff in good faith addressed these actions in state court and upon total denial of state remedy did he then file a § 1983 civil suit well within the two (2) year statue.

The sixth circuit of appeals refuses to apply the tolling provision to inmates § 1983 suits in case as long as results are not inconsistent with federal laws. And whose rights have been constitutionally violated are not inconsistent. However in Harden v Straub 109 SCt. 1998 the Supreme Court disagreed with the appeals court and over ruled it. As case at hand the constitutional violations are inconsistent with federal law denying plaintiff due process and tolling should be applied.

4

I/M *James St. Louis*
SBI# 446518 UNIT *Delta East (F-17)*
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



legal
mail

legal
mail

Office of the Clerk
United States District Court
844 N. King Street Lockbox 18
Wilmington Delaware
19801-3570