IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES ST. LOUIS,

Plaintiff,

v.

RALPH HEVERIN, DAVID PIERCE, and OFFICER BERNIE WILLIAMS,

Defendants.

Civil Action No. 06-641-SLR

**MEMORANDUM ORDER**

At Wilmington this 16th day of April, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that the motions (D.I. 8, 9, 10) are **denied** and the case remains **closed** for the reasons that follow:

1. **Background**. Plaintiff, an inmate housed at the Delaware Correctional Center ("DCC"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) On December 18, 2006, following screening by the court, the complaint was dismissed without prejudice as malicious. (D.I. 7) Plaintiff had filed a similar lawsuit in Civ. Action No. 06-236-SLR against Delaware Department of Correction employees regarding an alleged wrongful discharge from a job he held in the prison kitchen. Plaintiff moves for reconsideration of dismissal of the case. (D.I. 8) He argues the case should not have been dismissed, even though the facts are the same, because he was retaliated against for filing an appeal in violation of his First Amendment rights.

2. **Standard of Review**. The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E. D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

4. **Discussion**. Plaintiff asks the court to reconsider its decision dismissing his complaint. More particularly he argues that because he questioned the legality of disciplinary proceedings, prison officials retaliated against him. The court notes that in Civ. Action No. 06-236-SLR, plaintiff also alleges retaliation following his discharge from prison employment. In essence, plaintiff disagrees with the court's dismissal of this duplicative claim. There is no need to correct a clear error of law or fact or to prevent

manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied. Finally, plaintiff has the option of moving to amend his complaint in Civ. Action No. 06-236-SLR with additional allegations should he believe it necessary. Therefore, the motion for reconsideration is **denied**. (D.I. 8)

5. Plaintiff's moves for appointment of counsel. (D.I. 9) The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

6. The present case has no arguable merit in law and fact as discussed in the court's December 18, 2006 screening order. Therefore, the motion for appointment of counsel is **denied**. (D.I. 9)

7. Plaintiff moves to consolidate this case with Civ. Action No. 06-236-SLR and to add new defendants. (D.I. 10). Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact...to avoid

unnecessary costs or delay." Fed. R. Civ. P. 42(a). Rule 42(a) gives a district court broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice. In re Lucent Technologies Inc. Securities Litigation, 221 F.Supp.2d 472, 480 (D.N.J. 2001).

8. The motion is **denied**. (D.I. 10) Plaintiff has the option of filing a motion to amend the complaint in Civ. Action No. 06-236-SLR, to add new claims and additional defendants. Also, it is apparent in reading his motion that he attempts to avoid a "strike" for filing a frivolous or malicious claim since it affects his standing to seek in forma pauperis status.

UNITED STATES DISTRICT JUDGE